**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re: Jason J. Gamache<br>Amanda A. Gamache,<br>Debtors | BK No: 25-10334<br>Chapter 7 |

| | |
|---|---|
| Debra Smith,<br>   Plaintiff<br>v.<br><br>Jason J. Gamache<br>Amanda A. Gamache,<br>   Defendants | A.P. No. 25-01007 |

**DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT OR SUBSTITUTE PARTY AND THE COURT'S PERMISSIVE ABSTENTION FROM STATE LAW DETERMINATION PURSUANT TO 28 U.S.C. § 1334(c)**
**(this relates to Doc. ##8, 9, 25, 26, 27)**

**I.    Introduction**

Before the Court is the Motion to Amend Complaint or Substitute Party filed by Plaintiff Debra Smith (Doc. #8, the "Motion to Substitute"), Defendant-Debtors Jason J. Gamache and Amanda A. Gamache's objection thereto (Doc. #9, the "Objection"), the Court's Order for Parties to Appear and Show Cause Why the Court Should Not Abstain from Deciding Certain Claims and Stay this Adversary Proceeding (Doc. #27, the "Show Cause Order"), and the parties' related memoranda.[1]

These matters relate to Ms. Smith's Complaint to Determine Dischargeability of Debt and Denial of Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(4), and 523(a)(5) (Doc.

---

[1] See Doc. #25 (the "Gamache Brief"); Doc. #26 (the "Smith Brief"). Although Ms. Smith and Ms. Lotonya Marzett filed their brief jointly as "Plaintiffs," Ms. Smith was the sole named plaintiff in the proceeding at the time of the brief's filing. Consequently, the Court shall refer to their jointly filed brief as the "Smith Brief."

1

#1, the "Complaint").[2] In the Motion to Substitute, Ms. Smith seeks leave to amend the caption of the Complaint to add and/or substitute Ms. Marzett as the real party in interest. The Gamaches object to this relief.

Having considered the parties' arguments contained in their filings and their statements during the hearings held on October 29, 2025, and December 17, 2025, and for the reasons explained herein, the Court is satisfied that Ms. Marzett should be substituted as the real party in interest. Additionally, the Court finds that abstention from determining the underlying state law liability and damages claim is appropriate under the facts and circumstances of this proceeding.

**II.     Jurisdiction**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and DRI LR Gen 109(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**III.    Relevant Factual and Procedural Background**

In 2017, Ms. Marzett owned property located at 385 Church Street in Pascoag, Rhode Island (the "Propety"). *See* Complaint at ¶3. Ms. Marzett leased the Property to the Gamaches. *See* Complaint at ¶5; Doc. #5 at 1 (the "Motion to Dismiss"). The Gamaches vacated the Property in 2017. *See* Motion to Dismiss. Ms. Marzett later pursued state law remedies for damage the Gamaches allegedly caused during their tenancy. *See* Complaint at ¶9; Motion to Dismiss at 1-3.

On April 23, 2025, the Gamaches commenced their voluntary Chapter 7 bankruptcy case. *See* BK No. 25-10334, Doc. #1. Ms. Smith filed her Complaint on July 14, 2025. While

---

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, 119 Stat. 37 ("BAPCPA"). References to the "Bankruptcy Rules" or "Bankruptcy Rule" shall mean the Federal Rules of Bankruptcy Procedure. References to the "Rules" or "Rule" shall refer to the Federal Rules of Civil Procedure.

the body of the Complaint referred to both Ms. Smith and Ms. Marzett, Ms. Marzett's name was omitted from the caption of the Complaint. The Gamaches timely filed an answer and moved to dismiss the Complaint, citing Ms. Smith's "lack of standing to object to dischargeability" and the expiration of "the time period for anyone else to object." *See* Motion to Dismiss. The Court set a deadline of September 8, 2025, for Ms. Smith to file a response or object to the Motion to Dismiss. *See* Doc. #6. Ms. Smith filed the Motion to Substitute on September 17, 2025. The Gamaches objected, asserting that the substitution of Ms. Marzett would impermissibly allow an untimely complaint under § 523(a).

During the October 29, 2025, hearing on the Motion to Substitute, the parties referenced a prior proceeding in the Rhode Island Superior Court, allegedly involving the same parties and causes of action. After the hearing, the Court ordered the parties to file supplemental memoranda addressing various questions raised during the hearing by November 19, 2025. *See* Gamache Brief; Smith Brief. Based on the representations made in the briefs, it appeared that the underlying claims and issues in this proceeding were governed by state law and intertwined with those pending and trial ready before the Rhode Island 6th Division District Court (*see* Case No. 6CA-2021-09085, the "State Court Litigation"). As a result, the Court scheduled a hearing on December 17, 2025, to address permissive abstention from deciding the claims and issues pursuant to 28 U.S.C. § 1334(c). *See* Show Cause Order. During the hearing, the parties addressed the Court's permissive abstention and the permissibility of Ms. Marzett's substitution as the real party in interest. The Court took these matters under advisement at the hearing's conclusion.

**IV.     The Motion to Substitute**

      A.  The Positions of the Parties

Ms. Smith and Ms. Marzett cite Rule 17(a)(3), Rule 15(a)(2) and Rule 15(c)(1)(B) to support the substitution and/or addition of Ms. Marzett as the plaintiff in this proceeding. They contend that the inadvertent omission of Ms. Marzett, the "real party in interest," from the caption was a clerical oversight as opposed to a substantive omission. They maintain that the omission was not prejudicial because the Complaint repeatedly identified Ms. Marzett as the property owner and the person who suffered financial harm due to the Gamaches' alleged conduct. As a result, they argue that the Court must permit what they characterize as a "routine amendment" that aligns the caption with the allegations plead in the Complaint.

The Gamaches assert that the Motion to Substitute should be denied because it was filed 60 days after original service of the Complaint on July 14, 2025. In support, they maintain that Rule 15 requires any amendments to pleadings be made only once, and within 21 days after original service. They further assert that Rule 17 requires that a substituted or added party "has to have been in a representative or represented position" and that Ms. Smith and Ms. Marzett are individuals who may not sue in a representative capacity. Additionally, they state that Ms. Smith has no standing to sue and Ms. Marzett cannot be substituted in after the expiration of the deadline to file an objection to discharge and/or proof of claim. Although not clearly articulated, the Gamaches' position is that Ms. Marzett's substitution would be procedural manipulation, allowing her to file an untimely claim and causing them undue prejudice. The Gamaches did not provide any case law or other evidence in support of these arguments.

4

B. Applicable Law and Analysis

i. *Rule 17*

Rule 17(a)(1), made applicable to this proceeding by Bankruptcy Rule 7017, requires "[a]n action [to] be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *see* Fed. R. Bankr P. 7017. "The First Circuit has explained that the purpose of the real party in interest requirement is 'to protect a defendant from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata.'" *Aquila, LLC v. City of Bangor*, 640 F. Supp. 2d 92, 100 (D. Me. 2009) (quoting *Prevor–Mayorsohn Caribbean, Inc. v. P.R. Marine Mgmt., Inc.*, 620 F.2d 1, 4 (1st Cir. 1980)). Thus, as is the case here, a defendant may challenge a plaintiff's status as a "real party in interest" by moving to dismiss under Rule 12(b)(1) (lack of subject matter jurisdiction), Rule 12(b)(6) (failure to state a claim), or Rule 12(b)(7) (failure to name an indispensable party). *See* Fed. R. Civ. P. 12(b)(1), (b)(6), (b)(7).

Rule 17(a)(3) provides that the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has allowed for the real party in interest to ratify, join, or be substituted into the action . . . ." Fed. R. Civ. P. 17(a)(3). Although this rule supports dismissal where the plaintiff is not the "real party in interest," it provides a safe harbor "when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . ." Fed. R. Civ. P. 17(a) Advisory Committee's Note to 1966 Amendment. *See Esposito v. U.S.*, 368 F.3d 1271, 1275–77 (10th Cir. 2004).

In turn, if the Court permits the ratification, joinder, or substitution of the real party in interest, "the action proceeds as if it had been originally commenced by the real party in interest." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 421 (2d Cir.

5

2015) (quoting Fed. R. Civ. P. 17(a)(3)).  *See Klein on behalf of Qlik Tech., Inc. v. Qlik Tech., Inc.*, 906 F.3d 215, 226–27 (2d Cir. 2018) (describing Rule 17(a) as providing a type of relation back); *Est. of Butler ex rel. Butler v. Maharishi Univ. of Mgmt.*, 460 F. Supp. 2d 1030, 1039 (S.D. Iowa 2006) (brother of decedent in wrongful death action seeking to cure defect against university—previously brought by a representative on behalf of decedents estate—avoided statute of limitations bar because ratified action was treated as if brought in the name of the real party in interest).

While the language of the rule appears to permit relation back in all cases, including those filed by fictious plaintiffs, the Advisory Committee Notes clarify that this language is intended to prevent only the "forfeiture and injustice" that could result from a good faith or honest mistake.  *See* Fed. R. Civ. P. 17(a) Advisory Committee's Note to 1966 Amendment; *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 562 (3d Cir. 2008) (explaining that "protection against dismissal 'is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1555 (2d ed. 2008)); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 2006 WL 2136722, at *3 (W.D. Wash. 2006) ("The plain language of [Rule 17(a)] is broad, but courts have imputed some limitation on its application.  In particular, a plaintiff must show that his 'decision to sue in his own name was an understandable mistake.'" (quoting *Dunmore v. U.S.*, 358 F.3d 1107, 1112 (9th Cir. 2004))); *In re Knobel*, 54 B.R. 458, 461 (Bankr. D. Colo. 1985) ("This subsection reflects the general policy of the draftsman of the federal rules that the choice of a party at the pleading stage ought not to be made at the risk of final dismissal of the action should it later appear that there had been an error.").

6

Importantly, Rule 17(a)(3) does not permit a party lacking substantive rights to commence a lawsuit to toll the applicable statute of limitations and later obtain a substantive right. *See Gardner*, 544 F.3d at 561-63 (rejecting relation back under Rule 17 because there was no understandable mistake where original plaintiff sued before acquiring rights in order to have a placeholder action in place); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 411 (S.D. Tex. 2011) ("[I]t is impermissible for a party not the real person in interest to file suit to avoid the statute of limitations."). Consequently, courts agree that the rule cannot be used to circumvent or manipulate statutes of limitation. *See Rollins on behalf of Est. of Salaam v. City of Newark*, No. 18-14473, 2020 WL 1528035, at *2 (D.N.J. Mar. 31, 2020) (denying motion to dismiss based on Rule 17(a) when "[d]efendant point[ed] to no evidence suggesting that [p]laintiff intended to circumvent Rule 17(a) or that the initial failure to bring suit by a proper party was anything but a reasonable mistake[,]" and "the Court expressly gave [p]laintiff leave to file an amended complaint that substituted the correct [p]laintiff, and [p]laintiff did so in a timely fashion"); *Malauulu v. Wal-Mart Stores, Inc.*, No. 18CV2595-LAB (AGS), 2019 WL 3068795, at *2 (S.D. Cal. July 12, 2019) (dismissing decedent's sister-in-law's claim to pursue claims on behalf of decedent's estate when "decision to file suit . . . was motivated at least in part by a desire to toll the statute of limitations while she secured legal standing to pursue these claims").

Although a minority of courts have rejected substitution under Rule 17(a)(3) where the original plaintiff lacked any rights to assert, the First Circuit has not joined these courts. *See Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 36 (1st Cir. 2020) (rejecting district court's reliance on authority akin to the minority approach and stating "[t]he better-reasoned authority, though, allows a court to entertain and grant a motion to amend filed by a plaintiff who lacks standing to pursue the claim pleaded.") (citing *Sierra Club v. Morton*, 405 U.S. 727, 735, 741 (1972)

(inviting plaintiff to amend its complaint to better plead standing)); *Adams v. Watson*, 10 F.3d 915, 919-25 (1st Cir. 1993) (reversing denial of motion to amend where amended pleading established standing via additional facts)).

      After an exhaustive review of Rule 17 and related caselaw, the Court concludes that Ms. Marzett should be substituted as the real party in interest in this proceeding. There is no dispute that Ms. Marzett owned the Property at the time of the alleged property damage. Unlike Ms. Marzett, Ms. Smith does not own the property or otherwise assert that she has suffered a harm or incurred financial costs separate and distinct from those alleged to support Ms. Marzett's cause of action. Indeed, neither Ms. Smith nor the Gamaches dispute that Ms. Marzett is the "real party in interest" under Rule 17. At bottom, they disagree on whether dismissal or substitution is the appropriate remedy.

      Moreover, the Gamaches failed to identify any prejudice apart from the continuation of ongoing litigation between the known parties and the delay of an entry of discharge. As discussed above, successful Rule 17(a) challenges typically seek "to protect a defendant from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata." *Aquila, LLC*, 640 F. Supp. 2d at 100 (quoting *Prevor–Mayorsohn*, 620 F.2d at 4). Permitting the substitution of Ms. Marzett would ensure just that while also preventing the "forfeiture and injustice" resulting from what appears to the Court to have been a good faith and honest mistake by Ms. Smith and Ms. Marzett in preparing the Complaint. As noted in the Motion to Substitute, the body of the Complaint referred to both Ms. Smith and Ms. Marzett as plaintiffs. Although Ms. Marzett was not named in the caption and failed to sign the Complaint, the inclusion of her name in the body of the Complaint as a named plaintiff and throughout the factual allegations

supports the finding that the omission of her name was an oversight.

### ii. Rule 15(a)(2)

Rule 15(a)(2) governs amendments that are not as a matter of course and allows "a party [to] amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave [to] amend" pursuant to this rule "when justice so requires." *Id*. The Supreme Court has explained that:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Velocity Press v. Key Bank, NA*, 570 Fed. Appx. 783, 788 (10th Cir. 2014).

For the reasons already explained, permitting Ms. Smith to amend the Complaint to substitute Ms. Marzett puts the real party in interest before the Court, thereby allowing the Court to decide the matter on its merits. *See Blades v. Morgalo*, 743 F. Supp. 2d 85, 90–91 (D.P.R. 2010). "To rule otherwise would defeat the purpose behind [Rule 17(a)(3)]." *Id.* at 91 (quoting *Pabon–Lugo v. MONY Life Ins. Co. of Am.*, 465 F.Supp.2d 123, 128 (D.P.R.2006)). Furthermore, this matter is in its infancy. Thus, grounds that weigh against permitting such an amendment (delay, bad faith, dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed) are not present. *See In re Old Cold, LLC*, No. AP 18-01026-CJP, 2021 WL 3484662, at *7 (Bankr. D.N.H. Aug. 6, 2021); Fed. R. Civ. P. 15(c)(1)(B), (C).

Rule 15(c)(1)(B) states that "[a]n amendment relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct,

9

transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B).  Courts have used Rule 15(c) "in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed." *In re Knobel*, 54 B.R. at 461 (remarking that Rule 17(a)(3) "is consistent with the liberal relation back provision in Rule 15(c)") (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1555 (1971)).

The Court finds that Ms. Smith's proposed amendment relates back to the date of the original pleading pursuant to both Rule 17(a)(3) and Rule 15(c) as it adds Ms. Marzett as a plaintiff in the caption, which mirrors the Complaint's existing body paragraphs reference to Ms. Marzett as a plaintiff.  As a result, the Court shall give Ms. Marzett leave to file an amended complaint that substitutes references to Ms. Smith as the plaintiff with Ms. Marzett, only.

"An amended complaint supersedes the original Complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader." *Pimental v. Select Portfolio Servicing, Inc.*, 483 F. Supp. 3d 141, 144 (D.R.I. 2020) (quoting *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003)).  Consequently, "the earlier complaint is a dead letter and 'no longer performs any function in the case.'" *In re Arias*, No. 20-02350 (ESL), 2023 WL 1456710, at *6 (Bankr. D.P.R. Feb. 1, 2023) (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)).  "District courts in this Circuit have held that pending motions to dismiss original pleadings are moot following the filing and/or allowance of an amended complaint." *In re Arias*, 2023 WL 1456710, at *6.  As a result, the Gamaches may file an answer or other response within 30 days after the filing and service of the amended complaint.

**V.      The Show Cause Order on the Court's Abstention**

      A.  The Positions of the Parties

During the December 17 hearing the parties addressed the issue of the Court's abstention under 28 U.S.C. § 1334(c) and stay of this proceeding until the conclusion of the State Court Litigation.  The Gamaches opposed abstention, the reasons for which were not clearly articulated during the hearing.  Conversely, both Ms. Smith and Ms. Marzett agreed that the Court's abstention from determining the underlying state law liability and damages issues is appropriate under the circumstances of the proceeding given the predominancy of the state law issues over bankruptcy issues and the pending State Court Litigation, which they maintained was ready for trial.

      B.  Applicable Law and Analysis

Section 1334(c)(1) provides that:

> . . . nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State Courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  In addition to these grounds, the Court may consider other factors when deciding whether to abstain, including:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334(c)(1), (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in

> bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*City of Cent. Falls, R.I. v. Cent. Falls Teachers' Union (In re City of Cent. Falls)*, 468 B.R. 36, 55 (Bankr. D.R.I. 2012). These factors should be applied "flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *In re City of Cent. Falls*, 468 B.R. at 55.

The parties acknowledge that the pending, albeit stayed, State Court Litigation concerns the underlying state law cause of action and related basis for damages noted in the Complaint. Moreover, the parties agreed that the State Court Litigation is headed for trial. Given the history of litigation between the parties, the pending State Court Litigation, and the underlying cause of action being firmly rooted in state law, the state court is in the best position to decide the underlying state law liability issue. Additionally, the state court ruling on the threshold issue of liability would impact the standing analysis in this case. For example, if the state court rules in favor of the Gamaches, then Ms. Marzett would not be a "creditor" with standing to pursue a § 523(a) claim in this Court. If Ms. Marzett is not a creditor, then the Complaint fails.

After considering the parties arguments during the December 17, 2025, hearing, the circumstances of this case, and the applicable law, the Court finds that abstaining from determining the underlying state law liability and damages issues is appropriate in this proceeding. The following grounds favoring permissive abstention support this finding: (i) the predominance of several state law issues over the bankruptcy issues in this proceeding; (ii) the substantial overlap between the claims in this proceeding and those already pending in the State Court Litigation; and (iii) the feasibility of severing the state law claims from the claims for the nondischargeability of a debt, allowing judgments to be entered in the State Court Litigation,

followed by the adjudication of the § 523(a) bankruptcy claims in this proceeding.

VI. **Conclusion**

For these reasons, the Court hereby **ORDERS**:

1. The Motion to Substitute is **GRANTED**. Ms. Marzett shall file an amended complaint on or before February 20, 2026.

2. The Court shall abstain from determining the parties underlying state law liability and damages claims in this proceeding pursuant to 28 U.S.C. § 1334(c)(1) and stay this proceeding pending the conclusion of the State Court Litigation. Should judgment enter in the State Court Litigation against the Gamaches, Ms. Marzett shall file a copy of the judgment with this Court. Enforcement of any such judgment shall be stayed pending the resolution of this proceeding. Should judgment enter in the State Court Litigation in favor of the Gamaches, the Gamaches shall file a status report with this Court with a copy of the judgment attached.

4. The Court shall issue a separate order granting the parties relief from the automatic stay to proceed with the State Court Litigation.

Dated: February 3, 2026

By the Court,

_____
John A. Dorsey, Jr.
Chief Bankruptcy Judge

13